## A. B. Ward, Guardian of Burton L. Ward, v. The People of the State of Illinois.

1. SET-OFF—*Construction of the Statute.*—The statute requiring parties before a justice of the peace to consolidate all their respective demands has no application to suits commenced in courts of record.

2. SAME—*Administrator to Set Off a Debt Against a Suing Creditor.*—An administrator of an estate is not bound to set off any debt or demand such estate may have against a suing creditor, and his failure to do so will not bar such debt or demand.

Contempt Proceedings.—Appeal from the Circuit Court of Jasper County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

E. W. HERSH and GIBSON & JOHNSON, attorneys for appellant.

FITHIAN, DAVIDSON & KASSERMAN, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a citation directed by the County Court of Jasper County against appellant. Appellant was guardian of Burton L. Ward, who, pending such guardianship, died,

and one William Shup was appointed administrator of his estate. Appellant had made a report which the County Court would not approve, and in 1895 ordered him to restate his account, from which order he appealed to the Circuit Court, and pending that appeal he commenced an original suit in assumpsit in the Circuit Court against the administrator of his deceased ward. In that suit he sought to recover for the items of credit which he had claimed in his report and which the County Court had refused to allow. To his declaration the administrator pleaded non-assumpsit and the statute of limitations. The trial resulted in a judgment in favor of appellant for $240, after which he dismissed his appeal from the order of the County Court requiring him to restate his account. After dismissing his appeal he failed and refused to restate his account, and on the 25th day of February, 1897, was cited by the County Court to show cause why he should not be attached for contempt.

To this citation he answered as follows :

" STATE OF ILLINOIS, } ss.      In the County Court,
  Jasper County. }            To April Term, 1897.

To the Honorable H. M. Kasserman, Judge of said Court :

This respondent, A. B. Ward, against whom a citation has been issued out of said court commanding him to show cause why he does not make a report as guardian of one Burton L. Ward, deceased, and charge himself with various items as set out in the petition for said citation, and also restate a former report made by him in said guardianship, for answer thereto says : That since the making and filing of his former report in said guardianship, to-wit, at the May term, 1896, of the Circuit Court of said Jasper county, he brought a suit against William Shup, administrator of said Burton L. Ward, at whose petition said citation was issued, and that upon a hearing of said cause in said court at the December term, 1896, of said court, he recovered a judgment against said William Shup as such administrator, for the sum of $240 as will more fully appear by a copy of the summons, declaration, pleas and replications in said

cause, and a copy of the judgment of said court in said cause hereto attached and made a part of this answer. And he further shows that he is advised by counsel that by said proceedings so had in said Circuit Court, all matters between him and said William Shup, as administrator of said Burton L. Ward, became *res judicata* as to all matters between said parties growing out of or connected with the estate of said Burton L. Ward and that by said judgment the said William Shup as such administrator is indebted to this respondent in the sum of $240 as aforesaid, and that this respondent is not liable to said William Shup as administrator for any sum of money on account of anything respondent may have had in his hands as the guardian of said Burton L. Ward at the time of the commencement of said suit against said William Shup as such administrator.

Respondent further shows that he has not received any money or property of any kind or character since the commencement of said suit at law, and he respectfully denies the right of said William Shup as such administrator to have him cited and denies the right of this honorable court to require him to restate his account as such guardian as indicated in said petition for a citation, and says that the only report he should be required to make in said cause is to show that he has paid the costs of said guardianship, whereupon he should be discharged from any further duty or liability therein."

To the foregoing answer appellee excepted, and upon a hearing the County Court sustained the exceptions, and ordered appellant to comply with the former order of the court and restate his account at once, and upon failure to do so, that he be considered in contempt of court. From this order appellant appealed to the Circuit Court, where appellee renewed its exceptions, and upon a hearing the Circuit Court sustained the exceptions, dismissed the appeal and remanded the cause to the County Court. Appellant now brings the case to this court, and urges as grounds for reversal that the Circuit Court erred in sustaining the exceptions to his answer, and in not trying the case *de novo*.

Appellant's principal reliance is upon his position that

after the recovery of his judgment against the administrator of his deceased ward, the whole subject-matter of this citation was *res judicata;* that after the judgment was rendered he could not be compelled to account to his ward's estate for anything. That position is not well taken. Under the issues as made up in that case, the debt he owed his ward's estate was not involved. At common law a defendant could not set off his demand against a plaintiff's demand. Our statute concerning set-off in courts of record is merely permissive and not imperative. The statute requiring parties in suits before a justice of the peace to consolidate all their respective demands, has no application to suits commenced in courts of record. In Morton v. Bailey et al., 1 Scam. 213, it is said in substance, an administrator of an estate is not bound to set off any debt or demand such estate may have against a suing creditor, and his failure to do so will not bar such debt or demand. It is suggested that the judgment for $240 against the administrator was recovered after the order to restate the account was entered, and that the judgment upon the citation proceedings requires appellant to restate it as originally ordered.

The citation commanded him to show cause. He might have responded by exhibiting his judgment and moving the court to modify the original order, so as to allow him in his restatement to take credit for the $240; or he might have complied by restating his account according to the original order, and have collected his judgment from the estate of his ward in due course of administration, but he did neither. He pleaded his little judgment in bar of all liability and all further duty as guardian.

Upon the dismissal of his appeal from the original order, that order remained in full force and effect in the County Court, and his answer to the citation discloses no just cause why he should not obey it. It is contended that appellant ought to have had a trial *de novo* in the Circuit Court. The only question embraced in his appeal was whether he had just cause for refusing to restate his account. All he offered in the Circuit Court was the answer he had made in the County Court. When that was held insufficient, he neither

asked to amend it nor offered to show other cause. The Circuit Court tried over again all the issues embraced in the appeal.

The judgment of the Circuit Court is affirmed.